UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80256-CIV-MARRA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MAUREEN G. MANGIARDI and GERARD
C. MANGIARDI,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Maureen G. Mangiardi's Motion to Dismiss (DE 10).  The motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I.  Background

Plaintiff United States of America ("Plaintiff") brings this case against Defendant Maureen G. Mangiardi[1] ("Defendant")  pursuant to 26 U.S.C. § 6324(a)(2). The allegations of the Complaint are as follows:

Decedent Joseph L. Mangiardi ("decedent") died testate on April 5, 2000. (Compl. ¶ 7.) Defendant is decedent's daughter and is co-trustee of his will and of an *inter vivos* revocable trust that was part of decedent's Estate (the "Estate") for federal estate tax purposes. (Compl. ¶ 4.) The federal estate tax return (IRS Form 706) for the Estate was filed July 5, 2001, and reported a gross estate tax of $8,050,042.00.  The net federal estate tax reported was $2,621,810.00.

---

[1] On April 15, 2013, Plaintiff dismissed Defendant Gerard C. Mangiardi from this action. (DE 25.)

(Compl. ¶ 8.) The majority of decedent's assets were included in the Estate for federal estate tax purposes, but were not subject to probate before the probate court. The gross estate for federal estate tax purposes included assets held in an *inter vivos* revocable trust created pursuant to decedent's trust agreement, dated February 13, 1998. According to the estate tax return, the total value of the trust, which primarily consisted of stocks, was $4,577,360.00 as of the alternative valuation date. Upon decedent's death, Defendant and two other of decedent's children became co-trustees of the *inter vivos* trust. (Compl. ¶ 9.)

The gross estate also included an Individual Retirement Account ("IRA"). According to the estate tax return, the total value of the IRA, which primarily consisted of stocks, was $3,857,576.00 as of the date of decedent's death. (Compl. ¶ 10.) The Internal Revenue Service ("IRS") selected the Estate's federal estate tax return for examination. As a result of the examination, on December 22, 2003, the IRS made an abatement of the tax in the amount of $143,152.00. Accordingly, the net estate tax due was reduced to $2,478,658.00. (Compl. ¶ 11.)

Pursuant to 26 U.S.C. § 6161, the Estate requested, and was granted, six extensions of time to pay the tax due. (Compl. ¶ 12.) The Estate based its extension requests on the ground that the majority of the assets to be used to pay the estate tax were marketable securities held in the *inter vivos* trust that were undervalued due to depressed market and economic conditions, and thus the liquidation of these assets would result in substantial losses. For instance, in its December 2002 request for an extension, the Estate represented that the value of the trust had decreased to $552,699.00. The Estate stated its intention to hold the securities until their value increased, at which time it would liquidate them and use the proceeds to pay the federal estate tax due. In fact, however, the Estate did not simply hold onto the securities and wait for them to

increase in value.  Instead, the co-trustees, including Defendant, engaged in active trading of securities throughout the periods of extension, while paying themselves hundreds of thousands of dollars in fees. (Compl. ¶ 13.)

On or about July 13, 2006, the IRS served a levy notice on the Estate for the unpaid estate taxes.  On or about August 13, 2006, the Estate requested and obtained an administrative collection due process hearing. The IRS Office of Appeals sustained the levy action, and the United States Tax Court affirmed that decision on January 27, 2011.  The Estate appealed the Tax Court's decision and, on or about October 12, 2011, the Court of Appeals for the Eleventh Circuit affirmed in an unpublished opinion. (Compl. ¶ 14.)  To date, the Estate has paid only $250,000.00 in estate taxes. A payment of $200,000.00 was made in December 2001, and a payment of $50,000.00 was made in April of 2004. (Compl. ¶ 15.)  The Estate is currently insolvent, and has inadequate assets to pay the federal estate tax balance. (Compl. ¶ 16.)  The Estate has not paid the remainder of the tax due, which currently exceeds $3 million. (Compl. ¶ 17.)

The IRA  account was held separate and apart from the *inter vivos* trust and was not under the control of the co-trustees. (Compl. ¶ 18.)  Upon decedent's death, the assets of the IRA were automatically distributed to the decedent's beneficiaries, including each of his nine children. According to the federal estate tax return, Defendant received 11.11% of the assets of the IRA, and a total of $416,438.00 from the Estate. (Compl. ¶ 19.)

Defendant moves to dismiss the Complaint, claiming that Plaintiff has failed to take timely action under 26 U.S.C. § 6901.  Defendant also claims that if section 6901 does not apply, the statute of limitations under section 6503, which applies to section 6324, has expired.

Plaintiff responds that an assessment under section 6901 is not a condition precedent to a transferee suit under section 6324.  Plaintiff also contends that a suit to recover transferee liability is timely filed as long as a suit directly filed against the transferor would be timely and the ten-year period for commencing such a suit was extended and has not yet expired.

   II.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III. Discussion

A.  26 U.S.C. § 6901

The Secretary of Treasury is authorized to assess any tax determined to be due upon a review of a taxpayer's return. 26 U.S.C. § 6201(a)(1).  For an estate, the IRS must assess the liability within three years of the filing of the estate tax return and the time for assessment may not be extended by agreement.[2]  26 U.S.C. § § 6501(a), 6501(c)(4)(A).   Within 60 days after assessment, the IRS must serve a notice and demand for payment. 26 U.S.C. § 6303(1).  If the tax remains unpaid after notice and demand, "such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun . . .within 10 years after the assessment of the tax . . . ."  26 U.S.C. § 6502(a)(1).  Generally, if a person liable for a tax does not pay after notice and demand, a lien arises in favor of the United States on all of the person's property and rights to property. 26 U.S.C. § 6321.  Section 6324 of Title 26 provides that a lien in favor of the United States is automatically created on the decedent's gross estate immediately upon death that lasts for 10 years. 26 U.S.C. § 6324(a)(1).  If the estate transfers property, the lien remains with the transferred property and the transferee takes the estate's assets subject to the special lien.  26 U.S.C. § 6324(a)(2).  In addition to the lien, section 6324 creates personal liability on any transferee of property included in the decedent's gross estate to the extent of the value, at the time of decedent's death, of such property. 26 U.S.C. § 6324(a)(2).

Section 6901 of Title 26 provides for the assessment and collection of amounts for which a transferee is liable and, except as otherwise provided, is to be assessed, paid and collected in

---

[2] Defendant does not dispute that the assessment of the estate tax against the Estate was timely made. (Mot. at 12.)

the same manner and subject to the same limitations as would apply to the estate tax. 26 U.S.C. § 6901(a)(1)(A)(ii).  The statute of limitations against the transferee is calculated as the normal three year statute under section 6501, plus an additional year. 26 U.S.C. § 6901(c).  Thus, if section 6901 were to apply, the liability of the transferee of the Estate should have been assessed no later than July 5, 2005.

Defendant argues that the IRS is required to follow section 6901 and cannot proceed separately under section 6324.  Defendant posits that section 6901 provides the exclusive procedure to assess liability against a transferee and must do so within four years of the filing of the estate tax return.  Plaintiff disagrees, stating that an assessment under section 6901 is not a condition precedent to a transferee suit under section 6324.

Numerous courts have ruled that  section 6901 is not a prerequisite to an action to impose transferee liability under section 6324(a)(2). See, e.g., United States v. Geniviva, 16 F.3d 522, 525 (3d Cir. 1994) ("we hold that an individual assessment under 26 U.S.C. § 6901 is not a prerequisite to an action to impose transferee liability under 26 U.S.C. § 6324(a)(2)"); Culligan Water Conditioning of Tri-Cities, Inc. v. U.S., 567 F.2d 867, 870-71 (9th Cir. 1978) ("Section 6901 provides the Service the power to use against a transferee the same summary collection procedures it may use against a transferor or any other delinquent taxpayer. But that section is not mandatory, as appellants suggest; rather, it adds to other methods available for collection."); United States v. Russell, 461 F.2d 605, 606 (10th Cir. 1972) ("collection procedures contained in § 6901 are not exclusive and mandatory, but are cumulative and alternative to the other methods of tax collection recognized and used prior to the enactment of § 6901 and its statutory predecessors"); U.S. v. Motosko, No. 8:12–cv–338–T–35–TGW, 2012 WL 2088739, at * 2 (S.D.

Fla. Apr. 19, 2012) ("the collection procedures contemplated by 26 U.S.C. § 6901 [are] not the exclusive or mandatory remedy for the Government in seeking to collect taxes from a transferee"); United States v. Matzner, No. 96–8722–CIV, 1997 WL 382126, at * 1 (S.D. Fla. Mar. 26, 1997) ("The summary collection procedures provided for [under 26 U.S.C. § 6901] are not the only collection procedures available to the Government in seeking to collect a tax from a transferee.").

Defendant argues that these cases were wrongly decided and rest on a misinterpretation of a United States Supreme Court case, Leighton v. United States, 289 U.S. 506 (1933). According to Defendant, Leighton involved whether the government was required to proceed under section 280 of the Revenue Act of 1926 (the predecessor to section 6901) to collect income tax of a dissolved corporation from its shareholders or whether the government could bring a suit in equity against the shareholders. Defendant claims Leighton should not have been followed by these courts (or this Court) because that suit was brought in equity whereas the cases before the other courts and this Court were brought in law. However, given the merging of law and equity, the Court does not find the distinction made by Defendant compelling. Cf. Patterson v. Sims, 281 F.2d 577, 580 (5th Cir. 1960) (the predecessor section 6901 "does not create or define a transferee's substantive liability, but simply provides a new procedure, in lieu of *an action at law or bill in equity*, by which the Government may collect taxes directly from a transferee of property of a taxpayer) (emphasis added). [3] Furthermore, to the extent Defendant relies on

---

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

district court cases from outside this district (Mot. at 16), those cases are not binding nor persuasive.

Equally unpersuasive is Defendant's argument that the legislative history of section 6901 indicates that it was intended by Congress to be the exclusive means for enforcing liability against transferees.  (Mot. at 18 citing Report, Senate Finance Committee (S. Rep. No. 52, 69th Congr., 1st Sess. 30; H.R. Conf. Rep. No. 356, 69th Cong., 1st Sess. 43-44)).  Notably, the United States Supreme Court considered this same legislative history in Commissioner of Internal Revenue v. Stern, 357 U.S. 39 (1958), and concluded that the predecessor to section 6901 "neither creates nor defines a substantive liability but provides merely a new procedure by which the Government may collect taxes."  Id. at 42.

For the foregoing reasons, the Court rejects Defendant's argument that Plaintiff was required to make an assessment under section 6901 as a condition precedent to this section 6324 action.

B.  26 U.S.C. § 6324

An estate tax return is due nine months after the date of death. 26 U.S.C. § 6075.  "Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun (1) within 10 years after the assessment of the tax."  26 U.S.C. § 6502(a)(1).  Section 6161(a)(2) permits the IRS to extend the time for payment of the amount of tax shown on a estate tax return "for a reasonable period not in excess of 10 years from the date prescribed by section 6151(a) for the payment of the tax." 26 U.S.C. § 6161(a)(2).  "The running of the period of limitation for collection of any tax imposed by

chapter 11 shall be suspended for the period of any extension of time for payment granted under the provisions of section 6161(a)(2) or (b)(2) . . . ." 26 U.S.C. § 6503(d).  The statute of limitations is also tolled when a taxpayer seeks review of a proposed levy in a collection due process proceeding. 26 U.S.C. § 6330(e).

Decedent died on April 5, 2000. (Compl. ¶ 7.)  The parties agree that the tax was assessed on August 20, 2001. (Mot. at 8; Resp. at 19 n.3)   The Estate requested and was granted six extensions of time to pay the tax due, extending the time to pay until December 5, 2004. (Compl. ¶ 12.)   Under these facts, the suspension extended the collection period from August 20, 2011 to July 20, 2015.

Defendant, however, claims that the extensions of time were made for the Estate to pay its tax, and not for Defendant (as transferee), and that the suspension provisions do not apply to transferee liability which is a separate liability from an estate tax. This argument was addressed in United States v. Kulhanek, 755 F. Supp. 2d 659 (W.D. Pa. 2010).  In that case, the decedent's children received distributions from the decedent's retirement account. Id. at 660.   The United States filed suit against the children more than ten years after the estate tax lien arose, but within the ten-year collection period as extended under section 6503.  Id.   Finding the suit was timely, the court stated that "because the transferee's liability is derivative of the transferor's, courts addressing the limitations period applicable to Section 6324(a)(2) 'have looked at the generally applicable statutes of limitations created under § 6501 and § 6502 of the IRC, and they have reasoned that if the suit would be timely brought against the donor under these provisions, it will be considered timely against the donee or transferee.'"  Id. at 663 (quoting United States v. Botefuhr, 309 F.3d 1263, 1277 (10th Cir. 2002)); see also United States v. Wright, 57 F.3d 561,

(7th Cir. 1995) (in the partnership context, finding that if a suit against a taxpayer would be timely, it is also timely against those derivatively liable.)  This reasoning makes sense, given that transferee liability under section 6324 is triggered by the estate's failure to pay the estate tax "when due." 26 U.S.C. 6324(a)(2).

Defendant asserts that because section 6324 does not provide the liability of a transferee is a tax liability, but rather imposes an obligation on the transferee to satisfy the underlying tax liability of the transferor estate, the transferee's liability is separate and apart from that of an estate. Thus, Defendant claims the statute of limitations is not derivative.  (Mot. at 23 citing Baptiste v. C.I.R., 29 F.3d 1533, 1541 (11th Cir. 1994)).   The Court rejects Defendant's contention.  Baptiste states that while section 6324(a)(2) may not create a tax liability, there is instead an "independent personal obligations which, pursuant to section 6901(a), may be collected in a manner similar to that employed in collecting tax liabilities." Id.  At the same time, however, Baptiste also held that the transferee was liable for interest on the underlying obligation without limit from the due date of the estate tax return for his father's estate. Id. at 1542.  Given that the transferee's liability for interest was derivative, the Court sees no reason why the statute of limitations is not also derivative.

For the foregoing reasons, the Court concludes that the limitations period to collect tax from Defendant, as transferee, is no different than the limitations period to collect it from the Estate.

## IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE 10) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of July, 2013.

_____
KENNETH A. MARRA
United States District Judge